JUDGE McMAHON

11 CIV 7244

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PROFUNDS DISTRIBUTORS, INC., )
)
        Plaintiff, )   11-CV-
)
- against - )
)
ANDREW KEITH SLAYTON AND JAMES J. )
FARRELL, III, )   ECF CASE
)
        Defendants. )
)
)

RECEIVED OCT 14 2011 U.S.D.C. S.D.N.Y. CASHIERS

---

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff ProFunds Distributors, Inc., by its undersigned attorney, The Law Office of David Gourevitch, P.C., alleges as follows:

### INTRODUCTION

1. Defendants Andrew Keith Slayton and James J. Farrell, III (collectively, "the Defendants") initiated an arbitration against the Plaintiff before the Financial Industry Regulatory Authority ("FINRA"), entitled *Andrew Keith Slayton and James J. Farrell, III v. ProFunds Distributors, Inc.,* (FINRA Case No. 11-02743) ("the FINRA arbitration"). The Complaint seeks (i) a declaratory judgment that the dispute is not subject to arbitration before FINRA and (ii) an injunction enjoining the arbitration.

2. Plaintiff ProFunds Distributors, Inc. ("PDI") is a broker-dealer and a member of FINRA.

3. Under Rule 12200 of the FINRA Code of Arbitration, member firms including PDI must arbitrate before FINRA if there is a written agreement to arbitrate or if the dispute (i) is between a "customer" and a member or associated person of a member; and (ii) arises "in connection with" the business activities of the member or the associated person. The Defendants' FINRA arbitration claim satisfies neither prong. The Defendants were never "customers" of PDI, and their claims do not arise "in connection with" PDI's business activities. There is no written agreement to arbitrate. The dispute is therefore not amenable to arbitration before FINRA.

## PARTIES

4. Plaintiff PDI, Inc. is a Delaware corporation. Its principal place of business is in Bethesda, Maryland.

5. On information and belief, Defendant Andrew Keith Slayton is a citizen of the Commonwealth of Massachusetts and resides in Barnstable County, Massachusetts.

6. On information and belief, Defendant James J. Farrell is a citizen of the State of North Carolina and resides in Mecklenberg County, North Carolina.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiff seeks a declaratory judgment pursuant to the Federal Arbitration Act

("FAA"), 9 U.S.C. § 1, *et seq.,* to determine and resolve controversies with respect to the arbitrability of the Defendants' claims against Plaintiff, including alleged violations of federal securities laws, commenced before FINRA.

9. Personal jurisdiction exists and venue is conferred under 28 U.S.C. § 1391 (a) inasmuch as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, specifically, the Defendants commenced the FINRA arbitration that is the subject of this Complaint before the New York Regional Office of FINRA, which is located in New York, N.Y.

## FACTS

10. In or about July 2011, the Defendants initiated an arbitration against PDI before FINRA.

11. In their Statement of Claim, the Defendants alleged that they retained WTM Investments, an independent investor adviser in Lake Ronkonkomo, N.Y., to manage their investments; that they gave WTM Investments discretionary authority to buy or sell securities on their behalf; that WTM Investments instructed them to open accounts and deposits funds at ProFunds, which they did; that WTM Investments bought and sold ProFunds mutual funds on their behalf; and that they sustained investment losses as a result of WTM Investments' misrepresentations and mismanagement of their investments. WTM Investments is not a broker-dealer, a member of FINRA or amenable to arbitration before FINRA. It is not a respondent in the FINRA arbitration or a defendant in this action. WTM Investments is not owned or controlled by, or an affiliate of, PDI.

12. ProFunds is an open-management investment company registered with the Securities and Exchange Commission under the Investment Company Act of 1940 and organized as a Delaware statutory trust. ProFunds is comprised of multiple separate series, each series being a separate publicly offered mutual fund. Through its transfer agent, ProFunds opens shareholder accounts, including the Defendants, to facilitate the purchase and sale of mutual fund shares. It is neither a broker-dealer registered with the Securities and Exchange Commission nor a member of FINRA and, therefore, is not amenable to arbitration before FINRA. It is not a respondent in the FINRA arbitration.

13. Thus, the Defendants opened accounts with ProFunds, (not PDI, the Plaintiff here and the respondent in the FINRA arbitration); WTM, using the discretionary authority granted to it by the Defendants, bought and sold ProFunds mutual fund shares in those accounts. The Defendants named PDI, with which they had no relationship, as the respondent in the FINRA arbitration in what appears to be an effort to confect an arbitrable claim where none exists.

14. Although PDI is a registered broker-dealer and FINRA member, its business is different from most broker-dealers whose activities typically include providing a broad range of financial and brokerage services to a broad range of customers. PDI's business is limited to distribution of mutual funds. It does not offer brokerage services to the investing public. It has no public investors as customers. It does not maintain brokerage accounts; buy or sell securities for the investing public; accept or disburse money on behalf of public investors; or provide investment advice to the investing public. There is no agreement to arbitrate -- indeed, there is no contract of any kind -- between the Defendants and PDI. In fact, the Defendants are strangers to PDI.

15. The Defendants do not and cannot allege that they ever met or spoke with anyone at PDI; ever received investment advice from PDI; sent to or received funds from PDI; or were customers of PDI.

16. In the FINRA arbitration, the Defendants describe Gregory J. Thayer as Defendant Andrew K. Slayton's primary point of contact at WTM Investments. However, the Defendants also refer to Mr. Thayer as an agent and representative of PDI. In fact, Thayer is not now and never has been an agent or representative of PDI. Further, Mr. Thayer is not now and never has been an officer, director or employee of either PDI or ProFunds.

17. Under FINRA Rule 12200, members firms must arbitrate a dispute where it arises between a "customer" and a member or associated person of a member; and the dispute is "in connection with" the business activities of the member. This creates a two-part test. The Defendants must demonstrate that (1) the dispute is between a "customer" of the member or associated person of a member, and (2) the dispute arises "in connection with" the business activities of the member. The Defendants' arbitration claim satisfies neither prong.

18. The Defendants were never "customers" of PDI and do not have accounts with PDI. PDI does not provide service to the investing public. It has no public investors as customers. It does not provide investment advice; receive or disburse funds; or buy or sell securities for the investing public, including the Defendants. At most, the Defendants can allege that they opened accounts at ProFunds, the investment company (not at PDI, the broker-dealer), and thereafter WTM Investments bought and sold ProFunds mutual fund shares in those accounts on the Defendants' behalf.

19. The Defendants gave discretionary trading authority to WTM Investments; they directed ProFunds to accept orders from WTM Investments. Having done so, they cannot now

claim that they were "customers" of a wholly different entity, PDI, with which they had no contact.

20.     The Defendants allege that their investment losses resulted from WTM Investments' misrepresentations about its investment strategy and mismanagement of their investments. PDI distributes mutual funds. The Defendants' investment losses did not arise "in connection with" any business between PDI and the Defendants.

## COUNT I
### (Declaratory Relief)

21.     Plaintiff repeats and re-alleges the allegations in paragraphs 1 to 20 of the Complaint, as if fully set forth herein.

22.     No written arbitration agreement exists between the Defendants and Plaintiff.

23.     It appears that the Defendants seek arbitration based on Rule 12200 of the FINRA Code of Arbitration, which provides:

> Parties must arbitrate a dispute under the Code if:
>
> (1) Required by a written agreement, or
>
> (2) Requested by the customer; [and]
>
> The dispute is between a customer and a member of associated person of a member; and
>
> The dispute arises in connection with the business activities of the member of the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

To compel arbitration under FINRA Rule 12200, an investor must show that their claim: (1) involves a dispute between a "customer" and a FINRA member or a person

associated with the member and (2) arises "in connection with" the business activities of a FINRA member or associated person with the customer.

24. The Defendants were not "customers" of the Plaintiff or any person associated with the Plaintiff. Their claims do not arise "in connection with" any business between the Plaintiff and the Defendants. The Defendants do not have a written agreement with the Plaintiff requiring the Plaintiff to arbitrate before FINRA.

25. Accordingly, the Plaintiff has no obligation to arbitrate the Defendants' FINRA arbitration claim. Defendants contend otherwise.

26. Declaratory relief from this Court will resolve these controversies and limit the uncertainties.

27. As alleged herein, a real, substantial and immediate controversy is presented regarding the rights, duties and liabilities of the parties. The Plaintiff, therefore, requests a declaratory judgment from this Court pursuant to Rule 57 of the Federal Rules of Civil Procedure that the Plaintiff has no obligation to arbitrate the Defendants' claims before FINRA.

## COUNT II
### (Injunctive Relief)

28. Plaintiff repeats and re-alleges the allegations in paragraphs 1 to 27 of the Complaint, as if fully set forth here.

29. Plaintiff will suffer irreparable injury if compelled to arbitrate a claim for which it has no contractual obligation to do so.

30. Plaintiff, thus, seeks injunctive relief enjoining Defendants from further proceedings against it in the FINRA arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request as follows:

A) A declaration, pursuant to Rule 57 of the Federal Rules of Civil Procedure, that the Plaintiff has no obligation to arbitrate the FINRA action initiated by the Defendants.

B) Injunctive relief enjoining the Defendants from further proceedings against the Plaintiff in the FINRA arbitration.

C) Any and all other relief that this Court may deem appropriate.


Dated: October 14, 2011                     Respectfully Submitted,


David Gourevitch (Bar No. DG 8795)
Law Office Of David Gourevitch, P.C.
950 Third Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 355-1300
david@gourevitchlaw.com

*Counsel for Plaintiff*
*ProFunds Distributors, Inc.*